IN THE UNITED STATES COURT OF FEDERAL CLAIMS

BID PROTEST

| | | |
|---|---|---|
| DATA MONITOR SYSTEMS, INC., | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | No. 1:06- cv-0047-JPW |
| v. | ) | (Judge Wiese) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant | ) | |

**MEMORANDUM IN SUPPORT OF CONSENT**
**MOTION FOR LEAVE TO INTERVENE**

T Square Logistics Services Corporation, Inc. ("T Square") respectfully submits this memorandum in support of its Motion for Leave to Intervene in the above-captioned action.

## QUESTION PRESENTED

Whether T Square should be permitted to intervene in the above-captioned action as of right or, in the alternative, by the permission of the court?

## STATEMENT OF THE CASE

On June 21, 2006, Plaintiff Data Monitor Systems, Inc. ("DMS") commenced this action seeking temporary and preliminary injunctive relief. DMS seeks to overturn the corrective action that the Air Force announced on June 13, 2006 for an acquisition conducted to obtain base operating support services at Grissom Air Reserve Base. The Air Force's corrective action was in response to the second

protest that T Square filed at the Government Accountability Office ("GAO") on May 30, 2006, challenging, among various protest grounds, the Air Force's failure to conduct meaningful discussions. T Square's GAO protests challenged the award of a contract to DMS under Solicitation No. FA6643-05-R-0006 (the "contract").

This procurement is the eighth acquisition that the Air Force has conducted to obtain base operating support services for various reserve bases or stations, using the same contracting office, the same acquisition plan, the same price and past performance tradeoff method, and essentially the same solicitation terms. For the previous seven acquisitions, T Square had received the highest past performance rating of High Confidence, even though it did not have experience in several of the functions being acquired. In this procurement, the Air Force decided that T Square's experience gaps were a significant weakness and rated its past performance as Low Confidence, even though its past performance references were Exceptional and Highly Relevant. Although the Air Force conducted four rounds of discussions for this acquisition, it did not discuss the experience gaps with T Square. Had the Air Force raised the issue of experience gaps with T Square, it could have teamed with subcontractors who had the relevant experience and revised its proposal accordingly.

On December 26, 2005, T Square filed its first protest challenging the Air Force's decision to award the Grissom ARB base support services contract to DMS. After the Air Force issued its agency report and T Square submitted its comments on the agency report, the Air Force requested the GAO to conduct an outcome-

prediction alternate dispute resolution session. On February 13, 2006, GAO advised the parties that it would likely sustain the protest, because the Air Force failed to conduct meaningful discussions and T Square had been prejudiced by that failure.

On March 3, 2006, the Air Force announced its proposed corrective action. Rather than reopen discussions, the Air Force proposed to re-evaluate the existing proposals. After T Square challenged the corrective action as inadequate, the Air Force responded that T Square's continuing protest was premature, because it might subsequently decide to re-open discussions and it might select T Square. Based on the Air Force's representations, the GAO dismissed T Square's protest as academic, but expressly noted that T Square could subsequently challenge the adequacy of the corrective action in a subsequent protest.

On May 23, 2006, the Air Force announced that it had again selected DMS for contract award. On Friday May 26, 2006, the Air Force provided T Square a written debriefing, which indicated that T Square's past performance rating had again been reduced because of the experience gaps. On May 30, 2006, T Square filed a second GAO protest, explaining that: (1) the Air Force failed to conduct meaningful discussions; (2) the Air Force unreasonably evaluated the past performance of T Square and DMS; and (3) the Air Force's best value determination was flawed, because it was based upon unreasonable evaluations and because it failed to adequately document the trade-off decision.

In response to T Square's May 30, 2006 protest, on June 13, 2006, the Air Force announced that it would take corrective action, including the reopening of discussions. T Square, as the original protester whose protest grounds prompted the corrective action at issue in this action, seeks to intervene in the action as of right or, in the alternative, by the Court's permission.

## ARGUMENT

### I. T SQUARE SHOULD BE PERMITTED TO INTERVENE IN THIS ACTION AS OF RIGHT

Rule 24(a) of the Rules of the United States Court of Federal Claims ("RCFC") provides:

> Upon timely application anyone shall be permitted to intervene in an action…when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Because T Square meets the requirements of the rule, as described below, T Square requests that the Court determine that T Square is entitled to intervene in this action.

First, T Square certainly "claims an interest relating to the property or transaction which is the subject of the action," in that T Square is an offeror for the acquisition at issue in this lawsuit and its protests provided the impetus for the Air Force's challenged corrective action. Further, because DMS asks the Court to overturn the Air Force's corrective action and reinstate the contract award to DMS,

the potential disposition of this action in DMS's favor also would effectively decide T Square's second protest and thereby impair T Square's ability to protect its interests relating to the contract. Finally, T Square's interests would not be adequately represented by existing parties. T Square's interests are served only by the re-opening of discussions for this acquisition. Although the United States and the Air Force presumably will oppose the injunctive relief sought by DMS and defend the Air Force's corrective action determination, the United States and Air Force have institutional interests in this matter that are different from T Square's interests as the original protester.

Based upon the foregoing, T Square submits that intervention as of right by T Square is appropriate in this case. Given that neither DMS nor the United States oppose T Square's intervention, T Square's motion for leave to intervene should be granted.

## II. EVEN IF T SQUARE IS NOT ENTITLED TO INTERVENE IN THIS ACTION AS OF RIGHT, T SQUARE SHOULD BE PERMITTED TO INTERVENE

Although the requirements for intervention as of right are met in this case, as discussed above, even if T Square were not entitled to intervene in this action as of right, T Square requests that this Court grant it permission to intervene on a permissive basis under RCFC 24(b). Under that Rule,

> [u]pon timely application anyone may be permitted to intervene in an action . . . when an applicant's claim or defense and the main action have a question of law or fact in common. In exercising its discretion the court shall

> consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

T Square's motion to intervene also satisfies the requirements of RCFC 24(b).

As the original protester in this acquisition whose protests caused the Air Force's corrective action that is at issue in this action, T Square's defense and opposition to DMS's request for injunctive relief has numerous questions of law and fact in common with the instant action. Further, T Square's intervention in this action will not unduly delay or prejudice the adjudication of the rights of the original parties. Counsel for the United States and DMS consulted with T Square's counsel regarding the Joint Status Report and Schedule and T Square will satisfy the deadlines set by the Court without request for delay. Further, T Square's participation will not prejudice the adjudication of the rights of the original parties, but will ensure that the Court has a complete and accurate picture of the facts and circumstances of this case, including the substantial and irreparable harm that T Square would suffer if the Court grants the relief sought by DMS. Accordingly, even if the Court were to determine that T Square is not entitled to intervene in this action as of right, T Square respectfully requests that the Court grant T Square permission to intervene in this action under RCFC 24(b).

## CONCLUSION

For the reasons stated herein, T Square respectfully requests that the Court determine that T Square may intervene in this action as of right pursuant to RCFC

24(a). In the alternative, T Square requests that the Court grant T Square permission to intervene in this action pursuant to RCFC 24(b).

Respectfully submitted,

s/ Richard B. Oliver
Richard B. Oliver
McKenna Long & Aldridge LLP
444 S. Flower Street – Suite 800
Los Angeles, CA 90071
Telephone: 213-243-6169
Facsimile: 213-243-6330

Attorney of Record for Intervenor
T Square Logistics Services Corporation, Inc.

Dated: July 31, 2006

LA:17231159.1